Mark D. Mailman, I.D. No. MDM 1122
Gregory J. Gorski, I.D. No. GJG 3241
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALGORZATA ANNA LOPATKA, | |
| Plaintiff, | Civil Action No. |
| v. | COMPLAINT |
| EQUIFAX INFORMATION SERVICES, LLC., | JURY TRIAL DEMANDED<br>NON-ARBITRATION |
| Defendant. | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumer, Malgorzata Anna Lopatka, against Equifax Information Services, LLC ("Defendant"), for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*

### THE PARTIES

2. Plaintiff Malgorzata Anna Lopatka is an adult individual residing at 1230 Avenue Y, Apt. 6F, Brooklyn, New York 11235.

3. Defendant, Equifax Information Services LLC (hereafter "Equifax") is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a

principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes, but is not limited to, a Voluntary Chapter 7 Bankruptcy that was filed on December 22, 2010, accounts with Chase Card Services, Universal Card/CBSDNA, Bloom/DSNB, Discovery Card, Express, Macy's/DSNB, Staples C/CBSD, WFNNB/Mandee, Bank of America, Barclays Bank Delaware, Capital One, Chase, GE Money Bank/GAP, Beneficial National Bank, J. Crew, Inc., Providian, Sears/Citibank SD, NA, Visa/DSNB, WFNNB/La Redoute, WFNNB/VS, along with other personal information.

8. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

9. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

10. Plaintiff's credit report and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

11. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

12. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

13. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I –DEFENDANT–
## VIOLATIONS OF THE FCRA

14. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

15. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

16. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

17. At all times pertinent hereto, the above-mentioned credit report was "a consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

18. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

19. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

20. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e) An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files, and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f) An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g) Such other and further relief as may be necessary, just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Mark Mailman and Gregory Gorski as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

## ARBITRATION CERTIFICATION

I, Mark Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000. I further certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark Mailman*
MARK MAILMAN, ESQUIRE
GREGORY GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: April 29, 2011